## Ex parte OATES.

### Court of Appeal, Third District; November 10, 1905.

#### 83 Pac. 261.

**Habeas Corpus—Inability of Justices to Agree.**—Rule 33, providing that when the judges of a district court of appeal fail to agree on a judgment in any cause, and their opinions have been forwarded to the supreme court, that court will order such cause to be transferred to the supreme court or to another district court of appeal, to be there heard and determined, does not apply to habeas corpus proceedings; and where three of the justices fail to agree in such proceedings, as required by constitution, article 6, section 4, the writ must be dismissed.[1]

Application of W. W. Oates for a writ of habeas corpus. Writ dismissed.

W. W. Middenhoff for petitioner; E. J. Williams for respondent.

CHIPMAN, P. J.—The petition for the writ was ordered to be heard by the court. Under the provisions of the constitution the concurrence of three justices shall be necessary to pronounce a judgment. Article 6, section 4 of the Constitutional Rule 33 (78 Pac. xiii), provides that when the judges of a district court of appeal fail to agree on a judgment in any cause, and their opinions have been forwarded to the supreme court, that court will order such cause to be transferred to the supreme court or to another district court of appeal, to be there heard and determined. We do not think this rule applies to habeas corpus proceedings. In the matter now before us the three justices constituting the court are unable to agree upon the question as to whether or not the court before which the contempt proceedings were brought had jurisdiction.

The writ is therefore dismissed, and the petitioner remanded to the custody of the sheriff of San Joaquin county.

We concur: Buckles, J.; McLaughlin, J.

[1] Cited and followed in the similar case of In re Osborne, 13 Cal. App. 736, 110 Pac. 583.

Cited and followed in Ex parte Sauer, 3 Cal. App. 238, 84 Pac. 995, the court saying that "on the authority of the decision in the case of Ex parte Oates . . . . under article 6, section 4, of the constitution, the writ must be regarded as denied." The Sauer case was that of a person in custody under the extradition laws.