[Crim. No. 29.    Second Appellate District.—March 13, 1906.]

Ex parte CHARLES F. SAUER, on Habeas Corpus.

HABEAS CORPUS—DISTRICT COURT OF APPEAL—DISAGREEMENT OF JUSTICES—DENIAL OF WRIT.—On an application to the district court of appeal for the discharge of a prisoner on *habeas corpus* proceedings, if all the justices of the court are unable to agree in a judgment, the writ must, under article VI, section 4 of the constitution, be regarded as denied.

APPLICATION for a writ of *habeas corpus* to the agent of the state of Texas.

The facts are stated in the opinion of the court.

Hatton & Williams, Bowen & Miller, and Davis, Rush & Willis, for Petitioner.

J. D. Fredericks, District Attorney, and E. J. Fleming, Deputy District Attorney, for Respondent.

The COURT.—This is a petition of Charles F. Sauer for a writ of *habeas corpus* to John W. Tobin, state agent of Texas, by whom it is alleged that Marguerite Sauer is unlawfully restrained of her liberty.,

The majority of the court is of the opinion that the prisoner is in the lawful custody of Tobin, the state agent of Texas, under a warrant for her extradition duly issued by the governor of this state, and that she ought not to be discharged. Mr. Justice Smith dissents, for the reason that the certificate of the clerk to the so-called indictment attached to the governor's warrant is invalid for any purpose for lack of due authentication by the seal of the court, and that this defect is not supplied by the certificate of the governor. The court is, therefore, unable to concur in a judgment, either for remanding the prisoner or discharging her, but is of the opinion, on the authority of the decision in the case of *Ex parte Oates*, 2 Cal. App. xiii, [83 Pac. 261], that under article VI, section 4, of the constitution, the writ must be regarded as denied, and it is so ordered.

It is further ordered that upon the return of the prisoner to the custody of the state agent of Texas, or upon his resumption of her custody, the order for bail pending the proceedings be discharged, and the money deposited by her in lieu of bail be returned to her by the clerk of this court.