[Crim. No. 142.   Third Appellate District.—July 6, 1910.]

In the Matter of the Application of DANIEL E. OSBORNE for Writ of Habeas Corpus.

Habeas Corpus—Disagreement of Court—Denial of Writ.—Where the appellate court, upon an application for a writ of *habeas corpus*, is unable to concur in a judgment, either for remanding the prisoner or discharging him, the writ must be regarded as denied, under section 4 of article VI of the constitution, as well as upon the authority of *Ex parte Oates*, 3 Cal. App. xiii, and *Ex parte Sauer*, 3 Cal. App. 237.

Id.—Remand of Prisoner to Custody—Order for Bail Discharged.— Upon the return of the prisoner to the custody of the sheriff, or upon his resumption of such custody, the order for bail pending the proceedings must be discharged, and if money was deposited in lieu of bail, it will be ordered to be returned to him by the clerk.

APPLICATION for writ of *habeas corpus* to the sheriff of Napa County.

The facts are stated in the opinion of the court.

Theodore A. Bell, for Petitioner.

James A. Nowland, for Respondent.

THE COURT.—The court is unable to concur in a judgment either for remanding the prisoner or discharging him, and, under article VI, section 4, of the constitution, and upon the authority of *Ex parte Oates*, 2 Cal. App. xiii, [83 Pac. 261], and *Ex parte Sauer*, 3 Cal. App. 237, [84 Pac. 995], the writ must be regarded as·denied, and it is so ordered.

It is further ordered, that upon the return of the prisoner to the custody of the sheriff, or upon his resumption of the custody of the prisoner, the order for bail pending the proceedings be discharged, and, if money was deposited by him in lieu of bail, that it be returned to him by the clerk of the court.